NOT FOR PUBLICATION [Docket No. 6]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et al., <br><br>　　　　Plaintiffs, <br><br>　　　v. <br><br>THURSTON F. RHODES, INC. d/b/a J & M CONCRETE & GENERAL CONTRACTING, <br><br>　　　　Defendant. | Civil No. 16-892 (RMB/AMD) <br><br>**MEMORANDUM OPINION AND ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

　　This matter comes before the Court upon the Motion for Default Judgment by Plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 5 Pension Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, and Richard Tolson, as Administrator of B.A.C. Administrative District Council of New Jersey (the "Plaintiffs") [Docket No. 6], seeking the entry of a default judgment against Defendant Thurston F. Rhodes, Inc. d/b/a J & M Concrete & General Contracting (the "Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). For the

following reasons, Plaintiffs' motion will be denied without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2016, Plaintiffs commenced the above-captioned action against Defendant, seeking the recovery of amounts owed to the Plaintiffs pursuant to a collective bargaining agreement and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185. Compl. ¶¶ 1, 16-23 [Docket No. 1]. According to the Complaint, Defendant did not pay certain required contributions and dues check-offs owed to its employees for work performed on the Yard House, Moorestown Mall in New Jersey from August 27, 2015 through October 16, 2015. Compl. ¶ 14. Plaintiffs request that default judgment be entered in Plaintiffs' favor and against Defendant in the total amount of $11,362.31, representing (1) $5,818.15 in delinquent contributions; (2) $382.50 in delinquent dues check-offs; (3) $2,929.00 in reasonable attorneys' fees; (4) $563.75 in costs; (5) $505.28 in interest; and (6) $1,163.63 in liquidated damages. [Docket Nos. 7, 8].

Service of the Summons and Complaint were made upon the Defendant on February 24, 2016 [Docket Nos. 3, 5-1]. The time for Defendant to answer the Complaint or otherwise move expired

2

on March 16, 2016.  To date, Defendant has neither answered nor otherwise responded to the Complaint.  On July 5, 2016, Plaintiffs requested an entry of default against Defendant, which the Clerk of this Court entered the following day [Docket No. 5].  Plaintiffs filed the instant motion on July 14, 2016 [Docket No. 6].  It is unclear whether, how, or when Defendant was served with the instant motion, as Plaintiffs have not provided the Court with a certificate of service or any other proof of service upon Defendant.

On August 10, 2016, however, the Court received a handwritten letter from Joseph Giletto, dated August 9, 2016, which reads in its entirety:

> I Joseph Giletto request an extension so I am able to obtain counsel.  Docket number 16 CV 0892 (RMB)(AMD). I am a blind man that just received this paperwork seven days ago.  If you could please help me with this situation I would greatly appreciate it since I am blind and have major disabilities.

[Docket No. 9].  It appears that Mr. Giletto is a representative of Defendant.  The Court granted Mr. Giletto thirty days to obtain counsel for Defendant in this matter [Docket No. 10]. Thereafter, on November 3, 2016, Plaintiffs submitted a letter [Docket No. 11] to this Court stating that:

> Defendant has not retained counsel or otherwise appeared in this case, save for his letter of August 10, 2016.  In or around the third week of September, Defendant called this firm to discuss the facts of this case.  No further contact has been initiated by Defendant.

**II. DISCUSSION**

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc., 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015) amended on reconsideration, 2015 WL 1321722 (D.N.J. Mar. 24, 2015) (quoting Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)). Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. Butler v. Pennsylvania Bd. of Prob. & Parole, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).

As a preliminary matter, it is unclear from the record whether Plaintiffs have properly served Defendant with the Motion for Default Judgment and the related documentation. Additionally, Plaintiffs have not submitted a brief in support of the Motion for Default Judgment. Plaintiffs have not provided the Court with any argument as to whether a sufficient cause of action was stated and whether default judgment is

4

proper, i.e. whether Plaintiffs will be prejudiced if default is not granted, whether Defendant has any meritorious defenses, and whether Defendant's delay is the result of culpable misconduct. Mr. Giletto's letter suggests that Defendant wishes to participate in the litigation but has encountered obstacles due to Mr. Giletto's disabilities. Without these submissions from Plaintiffs, the Court is unable to make the determinations necessary in order to grant default judgment.

ACCORDINGLY, IT IS HEREBY on this **10th** day of **January 2017**,

**ORDERED** that Plaintiffs' Motion for Default Judgment against Defendant [Docket No. 6] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, **on or before February 9, 2017**, Plaintiffs shall file a renewed motion for default judgment addressing the deficiencies identified herein, if they so choose. In the event no renewed motion is filed, the Court shall direct the Clerk of the Court to close the file in this matter; and it is further

**ORDERED** that Plaintiffs shall serve Defendant with this Order and submit proof of service to this Court via electronic filing, **on or before February 9, 2017.**

                                                s/Renée Marie Bumb_
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE