IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> THURSTON F. RHODES, INC. d/b/a J & M CONCRETE & GENERAL CONTRACTING, <br><br> Defendant. | Civil No. 16-892 (RMB/AMD) <br><br> **OPINION** |

APPEARANCES:

Milania Dostanitch, Esq.
Nicole Marimon, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
   *Attorneys for Plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 5 Pension Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute, and Richard Tolson, as Administrator of B.A.C Administrative District Council of New Jersey*

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the renewed Motion for Default Judgment [Docket No. 14] by Plaintiffs Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 5 Pension

1

Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund (the "Local Funds"), Trustees of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), Trustees of the International Masonry Institute ("IMI" and, together with IPF and the Local Funds, the "Funds"), and Richard Tolson, as Administrator of B.A.C Administrative District Council of New Jersey (the "Union" and, together with the Funds, the "Plaintiffs"), seeking the entry of default judgment against Defendant Thurston F. Rhodes, Inc. d/b/a J & M Concrete & General Contracting (the "Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). For the following reasons, the Plaintiffs' motion will be granted, in part, and denied, in part.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On February 18, 2016, Plaintiffs commenced the instant litigation against Defendant, seeking to recover amounts owed to Plaintiffs pursuant to a collective bargaining agreement and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1332(a)(3), 1145, and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Compl. ¶¶ 1, 16-23 [Docket No. 1]. As alleged in the Complaint, Defendant did not pay certain required contributions and dues check-offs owed to its employees for work performed on the Yard House, Moorestown Mall project between

August 27, 2015 and October 16, 2015 (the "Mall Project"). Compl. ¶ 14.

The Defendant was served with the Summons and Complaint on February 24, 2016. Marimon Decl. Ex. B [Docket No. 16-2]. The time for Defendant to respond to the Complaint expired on March 16, 2016. To date, Defendant has not answered or otherwise responded to the Complaint. The Clerk of the Court, upon request by Plaintiffs, entered default against Defendant on July 14, 2016 [Docket Nos. 5, 6]. Thereafter, Plaintiffs filed a Motion for Default Judgment [Docket No. 6], which the Court denied without prejudice on January 10, 2017 due to Plaintiffs' failure to establish sufficient proof of service upon Defendant and to adequately support their entitlement to the relief sought [Docket No. 12]. At the Court's direction, Plaintiffs served Defendant with a copy of the January 10, 2017 Memorandum Opinion and Order. Marimon Decl. Ex. E [Docket No. 16-5]. Plaintiffs filed the renewed Motion for Default Judgment against Defendant on February 9, 2017 [Docket No. 14] and served Defendant [Docket No. 18]. Defendant has not opposed or otherwise responded to the instant motion or appeared in the litigation.

Plaintiffs now request that default judgment be entered in Plaintiffs' favor and against Defendant in the total amount of $18,297.93, representing (1) contributions of $5,593.15; (2) interest thereon of $948.31; (3) liquidated damages of

$1,118.63; (4) dues check-offs of $607.50; and (5) attorneys' fees and costs of $10,030.34, plus interest from February 7, 2017 through the date of the entry of default judgment.

## II. LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc., 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015) amended on reconsideration, 2015 WL 1321722 (D.N.J. Mar. 24, 2015) (quoting Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)). The propriety of default judgment depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct. Butler v. Pennsylvania Bd. of Prob. & Parole, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).

## III. ANALYSIS

### A. Proof of Service

The Summons and Complaint were served personally upon Jesus Mendoza, a managing agent authorized to accept service on behalf

4

of Defendant, on February 24, 2016.  Marimon Decl. ¶ 4 [Docket No. 16]; Marimon Decl. Ex. B.  When Defendant failed to timely respond to the Complaint, Plaintiffs properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a) [Docket No. 5].  Likewise, Plaintiffs have served Defendant with the original Motion for Default Judgment, the Court's Memorandum Opinion and Order, and the renewed Motion for Default Judgment.  Marimon Decl. Exs. C, E [Docket Nos. 16-3, 16-5]; Aff. of Serv. [Docket No. 18].  Accordingly, the Court finds that there has been sufficient proof of service upon the Defendant.

### B. Cause of Action

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement."  Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, 2013 WL 4517935, at *4 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145); see also Rock Canyon, 2015 WL 881694, at *1.  ERISA Section 502(a) allows a plan fiduciary to sue an employer for failure to make required contributions to a benefit fund. 29 U.S.C. § 1132(a); Dubin Paper Co., 2012 WL 3018062, at *3. If a court grants default judgment in favor of the plan fiduciary, ERISA Section 502(g)(2) requires the court to award

(1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages not to exceed twenty percent of the unpaid contributions; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2); see also Rock Canyon, 2015 WL 881694, at *1; LIUNA, 2013 WL 4517935, at *4.

According to the Complaint, Defendant was bound by a collective bargaining agreement with Plaintiffs.  Compl. ¶ 12. Additionally, in connection with the instant motion, Plaintiffs submitted a copy of the collective bargaining agreement, which establishes that, under Article XI of the agreement, Defendant was required to pay specified contributions to the Plaintiffs. Mercadante Decl. Ex. A, Art. XI {Docket No. 15-1].  Plaintiffs further allege that Defendant contravened the collective bargaining agreement by failing to remit certain sums to the Funds as required by Article XI.  Compl. ¶ 17. Accordingly, the Court finds that Plaintiffs have demonstrated that Defendant was obligated to make contributions pursuant to the collective bargaining agreement.

While Defendant's default constitutes an admission of the allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed." Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *7 (D.N.J. Dec. 20,

2006) (internal citation omitted). Here, Plaintiffs submit the Declaration of Gary Mercadante, Administrator of the Local Funds [Docket No. 15]. Based upon his review of Plaintiffs' records, Mr. Mercadante calculated that Defendant failed to pay $10,503.68 in contributions to the Funds and $690.54 in dues check-offs to the Union as required by the collective bargaining agreement for work performed in connection with the Mall Project. Mercadante Decl. ¶ 6. As of February 7, 2017, the date of Mr. Mercadante's declaration, $5,593.15 in contributions and $607.50 in dues check-offs remain outstanding. Id.

Having reviewed the Complaint and Plaintiffs' submissions in connection with the instant motion, the Court finds that Plaintiffs' allegations sufficiently state a cause of action under ERISA.

### C. Propriety of Default Judgment

To determine whether default judgment is proper, the Court must first consider the prejudice to the Plaintiffs if the Motion for Default Judgment is not granted. By failing to respond to Plaintiffs' Complaint or to oppose the Motion for Default Judgment, Defendant has deprived Plaintiffs of the opportunity to litigate their claims against Defendant. Further, Defendant's failure to make the required contributions may negatively impact Plaintiffs' ability to pay their beneficiaries. See New Jersey Bldg. Laborers' Statewide Pension

Fund & Trustees Thereof v. Pulaski Const., 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014); see also Specialty Stucco, 2006 U.S. Dist. LEXIS 92460, at *7. Therefore, the Court finds that Plaintiffs would be prejudiced if default judgment is not entered in their favor.

This Court next evaluates whether the Defendant has any meritorious defenses. As Defendant has failed to submit a responsive pleading addressing why default judgment should not be entered in Plaintiffs' favor, the Court is "not in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct." Specialty Stucco, 2006 U.S. Dist. LEXIS 92460, at *6-7 (quoting Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Naglak Design, 1995 WL 20848, at *2 (E.D. Pa. Jan. 18, 1995)); see also Pulaski Const., 2014 WL 793563, at *3 ("The Court has no duty to construct a defense for Defendant."). The Court nevertheless notes that there is no indication that Defendant has a meritorious defense.

Finally, Defendant's "failure to respond permits the Court to draw an inference of culpability on [its] part." Fed. Ins. Co. v. Secure Cargo Corp., 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013) (citing Surdi v. Prudential Ins. Co. of Am., 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008)). Defendant was served with the Complaint, as well as the original and the renewed

Motions for Default Judgment, but did not respond.  Moreover, Mr. Giletto's August 9, 2016 letter to the Court on Defendant's behalf [Docket No. 9], in which he requested additional time to obtain counsel, establishes that Defendant is aware of the litigation.  On August 12, 2016, the Court granted Defendant an additional thirty days to obtain counsel and participate in the litigation [Docket No. 10].  Yet Defendant failed to initiate further contact with the Court or Plaintiffs, apart from a phone call to Plaintiffs' counsel in late September 2016 to discuss the facts of the case [Docket No. 11].  The Court finds that these facts and Defendant's longstanding inaction, despite being aware of this lawsuit, are indicative of culpability on Defendant's part.  See Moroccanoil, Inc. v. JMG Freight Grp. LLC, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015) (citing Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff and the court can constitute culpability)).  These factors favor entry of default judgment against Defendant.

### D. Damages

The Court now considers Plaintiffs' request for damages. While Defendant's default constitutes an admission of the allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed."  Specialty Stucco, 2006 U.S.

Dist. LEXIS 92460, at *7 (internal citation omitted). Because this action seeks delinquent contributions, the Court must award (1) the unpaid contributions; (2) interest; (3) the greater of either interest or liquated damages provided under the plan, not to exceed 20% of the unpaid contributions; and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

Here, Plaintiffs seek $5,593.15 in outstanding unpaid contributions and $607.50 in outstanding dues check-offs for work performed in connection with the Mall Project under the terms of the parties' collective bargaining agreement. In support of these amounts, Plaintiffs submit Mr. Mercadante's Declaration, as well as the spreadsheets setting forth his calculations. Mercadante Decl. ¶¶ 1, 6; Mercadante Decl. Exs. C, D [Docket Nos. 15-3, 15-4]. Plaintiffs further seek interest on the delinquent contributions owed to the Local Funds in the amount of $238.07 and to the IPF in the amount of $710.24, for a total of $948.31. Mercadante Decl. ¶ 10. The interest owed was calculated pursuant to the Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), which provides for 10% compounded interest on delinquent contributions payable to the Local Funds and 15% compounded interest payable to the IPF. Id. ¶¶ 9-10; Mercadante Decl. Ex. E, Art. II ¶ 6 [Docket No. 15-5]. Plaintiffs also submit a spreadsheet setting forth Mr. Mercadante's interest

calculations in support of their request. Mercadante Decl. Ex. F [Docket No. 15-6]. The Court finds that these amounts have been properly calculated and supported.

Plaintiffs also seek liquidated damages in the amount of $1,118.63. Mercadante Decl. ¶ 11. ERISA provides for liquidated damages not to exceed twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2). Additionally, the Collection Policy provides for the recovery of liquidated damages of 20% of the amount of delinquent contributions owed. Mercadante Decl. Ex. E, Art. II ¶ 6. Here, $1,118.63 represents 20% of the outstanding unpaid contributions of $5,593.15. Accordingly, the Court finds that Plaintiffs' request for liquidated damages is properly supported and appropriate.

Finally, Plaintiffs seek attorneys' fees in the amount of $9,241.00 and costs of $609.34, for a total of $9,850.34.[1] Marimon Decl. ¶¶ 16-17. In support of their request, Plaintiffs submit timesheets documenting the legal services performed on the specified dates and by whom they were performed. Marimon Decl. Ex. F [Docket No. 16-6]. Additionally, counsel provides the hourly rates charged as follows: $90 for paralegals; $200 for associates Nicole Marimon, Milana Dostanitch, and Thomas

---

[1] Plaintiffs erroneously conclude that the sum of these figures is $10,030.34. See, e.g., Marimon Decl. ¶¶ 16-18. The Court assumes this was a mere miscalculation.

11

Horgan; and $200 for law clerk Jesse Isleman. Marimon Decl. ¶¶ 11-15.

According to this Court's calculations and review of the time sheets, the three associates and one law clerk collectively billed a total of 44 hours, amounting to $8,800.00 in legal fees. Marimon Decl. Ex. F. Additionally, four paralegals collectively billed 4.9 hours, amounting to $441.00 in paralegal fees. Id. The Court finds that the hourly rates billed for the associates, law clerk, and paralegals are reasonable in the ERISA context. See e.g., J & J Sports Prods, Inc. v. Castro, 2015 WL 389381, at *5 (D.N.J. Jan. 28, 2015) (finding an hourly rate of $95 appropriate for a paralegal); Dubin Paper Co., 2012 WL 3018062, at *5 (finding that an hourly rate of $275 was appropriate in an ERISA case). The Court also finds the 4.9 hours billed by the paralegals to be reasonable and awards Plaintiffs $441.00 in paralegal fees.

The Court, however, does not find the number of attorney hours billed to be reasonable. Prior to the entry of this Court's January 10, 2017 Memorandum Opinion and Order, Plaintiffs' counsel billed 14.8 attorney hours preparing the Complaint and the first Motion for Default Judgment, performing legal research in connection with alter ago theories of liability, and communicating regarding the litigation. Indeed, Plaintiffs' counsel billed 9.7 hours, or $1,940, preparing just

the original Motion for Default Judgment, which included no memorandum of law and which this Court found to be deficient. Thereafter, in response to this Court's Memorandum Opinion and Order directing Plaintiffs to submit a properly supported renewed Motion for Default Judgment addressing the deficiencies identified by the Court, Plaintiffs' counsel billed 29.2 additional attorney hours preparing their roughly 11-page memorandum of law and supporting documents. The Court sees no reason why counsel billed over forty hours preparing a routine and properly supported motion for default judgment. See, e.g., LIUNA, 2013 WL 4517935, at *5 (finding 10.6 hours at an hourly rate of $300 reasonable for an ERISA case); Dubin Paper Co., 2012 WL 3018062, at *5 (finding 10.5 hours billed at hourly rate of $275 to be reasonable in ERISA context); Teamsters Health & Welfare Fund v. Cressman Trucking, Inc., 2012 WL 32131, at *2 (D.N.J. Jan. 4, 2012) (finding 17.2 hours billed at hourly rate of $250 to be reasonable in ERISA case); Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc., 2011 WL 4729023, at *5 (D.N.J. Oct. 5, 2011) (finding 9.32 hours billed at hourly rate of $250 to be reasonable in ERISA case).

As a result, the Court denies Plaintiffs' request for attorneys' fees without prejudice. See Trustees of the New Jersey B.A.C. Health Fund v. Bryant Caulking & Waterproofing, Inc., 2017 WL 784944, at *7 (D.N.J. Mar. 1, 2017) (denying

without prejudice plaintiffs' request for attorneys' fees in the amount of $14,709 as unreasonable). The Court will direct counsel to address the reasonableness of their fees.

Finally, Plaintiffs are entitled to recover reasonable costs of the action under Section 502(g)(2)(D) of ERISA. 29 U.S.C. § 1132(g)(2)(D). Here, Plaintiffs submit billing records accounting for administrative costs including filing fees and service fees associated with this litigation, amounting to $609.34. Marimon Decl. Ex. F. The Court finds that these costs are reasonable and should be awarded.

In sum, the Court shall award Plaintiffs a total amount of $9,317.93, representing (1) $5,593.15 in unpaid contributions; (2) $948.31 in interest; (3) $1,118.63 in liquidated damages; (4) $607.50 in dues check-offs; (5) $441.00 in paralegal fees; and (6) $609.34 in litigation costs, as well as interest incurred from the date of filing the renewed motion through the entry of this Order and accompanying Judgment. Plaintiffs' request for attorneys' fees is denied without prejudice. Plaintiffs' counsel shall be granted an opportunity to provide additional support for the reasonableness of their request for attorneys' fees.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Default Judgment will be granted, in part, and denied, in part. Specifically, the Motion is denied without prejudice as to Plaintiffs' request for attorneys' fees. The Motion is granted in all other respects. An appropriate Order and Judgment shall issue on this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017